IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DONOVAN CHAMBERS, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 07-CV-26 (WLS) |
| WARDEN CYNTHIA NELSON, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are motions to amend filed by the plaintiff, motions to dismiss filed by the defendants, a Motion to Stay filed by certain defendants and the plaintiff's motion seeking service of defendant Dr. Saad. The plaintiff filed this action in May 2007, raising allegations of deliberate indifference to his serious medical needs while confined at Autry State Prison.

*Plaintiff's Motions to Amend*

On May 21, 2007 and again on June 27, 2007, the plaintiff filed motions to amend, seeking to add conspiracy claims against the defendants and to clarify his existing claims. The first of these motions preceded the filing of a pre-answer Motion to Dismiss by certain defendants.

To the extent that the plaintiff merely seeks to clarify his claims in his second motion to amend, this motion is hereby **GRANTED**. In regard to plaintiff's first motion to amend, filed on May 21, 2007, the court notes that Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served".

Inasmuch as responsive pleadings were not filed prior to the court's receipt of the plaintiff's motion, the court has no discretion to deny said "motion" to amend. Accordingly, said "motion" is hereby **GRANTED**.

However, the court finds that the plaintiff's proposed amendment is insufficient to state a claim of constitutional magnitude. The plaintiff alleges that the defendants somehow participated in a conspiracy to deny his constitutional rights. "For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) [and the private party]." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). In his proposed amendment, the plaintiff has failed to provide any specific details of the alleged conspiracy among the defendants nor does he provide allegations of an agreement among the defendants to deprive him of his constitutional rights, rather he merely states that each defendant was aware of the alleged deprivations carried out by others. Accordingly, it is the recommendation of the undersigned that the plaintiff's additional claims be **DISMISSED**.

*Motion for Default Judgment*

Plaintiff has also filed a Motion for Default Judgment against Dr. Saad, as well as a motion seeking service of the complaint on Dr. Saad, in which plaintiff states that the last known address for Dr. Saad was Autry State Prison. Plaintiff's Motion for Default Judgment, in which he asserts that he is entitled to the entry of default judgment based on Dr. Saad's failure to file an answer or other responsive pleading herein, is without merit. Process receipt and return forms for waiver of service for Dr. Saad were returned unexecuted on May 30, 2007, indicating that Dr. Saad was no longer at Autry State Prison. Plaintiff has not provided a current address or location

for Dr. Saad, as Autry State Prison was the address provided by the plaintiff at the initiation of this lawsuit. Inasmuch as the waiver forms have been returned unexecuted, Dr. Saad has never actually been served herein and the entry of default and default judgment is therefore inappropriate. It is the recommendation of the undersigned that plaintiff's Motion for Default Judgment be **DENIED**.

*Motion to Dismiss: Draper, Jones and Nelson*

Defendants Draper, Jones and Nelson filed a Motion to Dismiss on June 14, 2007, seeking dismissal of this action. The defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

According to plaintiff's complaint, he was transferred to Autry State Prison on May 5, 2004 and had previously suffered an injury to his right shoulder. Plaintiff alleges that this injury caused him severe pain and limited use of his right hand, and that pain medication and a lower bunk profile had been prescribed by previous physicians. In October, according to the plaintiff's complaint, Dr. Saad discontinued plaintiff's pain medication and bottom bunk profile, possibly in retaliation for grievances filed by the plaintiff against Dr. Saad. Plaintiff informed Autry Warden Cynthia Nelson and Deputy Warden Jones of his situation and need for a bottom bunk, and both allegedly responded that plaintiff would go to lock-down if he refused his top bunk assignment. Plaintiff filed a grievance against Dr. Saad on November 9, 2005, regarding the alleged denial of a lower bunk profile and pain medication. This grievance was denied by

Warden Nelson, and on June 21, 2006, Sarah Draper, Manager of the Inmate Affairs Unit, denied plaintiff's appeal of this grievance. Plaintiff alleges that Ms. Draper "did not seen [sic] plaintiff at no point and time, or investigate the grievance thoroughly [sic], because she would realized [sic] that plaintiff had a ongoing medical condition. Because of the action of [] Ms. S. Draper Plaintiff suffered and no thing was done at that time." Plaintiff seeks damages for pain and suffering and names as defendants Dr. Saad, Warden Nelson, Deputy Warden Jones, and Sarah Draper.

Defendants Nelson, Jones, and Draper argue that plaintiff has failed to state an actionable claim against defendant Draper regarding proper investigation of his grievance, inasmuch as he does not have a constitutionally protected right to a grievance procedure, that these defendants are immune from suit for money damages in their official capacities under the Eleventh Amendment, that plaintiff has failed to state a claim for deliberate indifference to serious medical needs, that his claims occurring prior to February 5, 2005 are barred by the statute of limitations, and that they are entitled to qualified immunity.

With all allegations of plaintiff's complaint accepted as true, it does not appear that these defendants are entitled to the granting of their Motion to Dismiss in its entirety. Accordingly, it is recommended that this motion be **GRANTED IN PART** and **DENIED IN PART**.

The defendants initially argue that the plaintiff's claim against defendant Draper that she failed to properly investigate his grievance must be dismissed, inasmuch as there is no constitutional right to a grievance procedure. The defendants cite to *Wildberger v. Bracknell*, 869 F.2d 1467 (11th Cir. 1989), and assert that in *Wildberger*, the Eleventh Circuit affirmed a lower court decision which included a finding that prison grievance procedures do not give rise

to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment. Other courts have followed this interpretation of *Wildberger*. *See Rienholtz v. Campbell*, 64 F. Supp. 2d 721 (W.D.Tenn. 1999); *Massey v. Helman*, 259 F.3d 641 (7th Cir. 2001); *Garvin v. Donald*, 2007 WL 4482158 (S.D.Ga. 2007). In following this interpretation of *Wildberger*, it is clear that plaintiff's claims regarding the adequacy of defendant Draper's grievance investigation and procedure do not allege a constitutional violation and as such must be dismissed. It is so recommended.

Additionally, to the extent that the plaintiff brings his claims against these defendants in their official capacities, the defendants are entitled to the granting of their Motion to Dismiss. A suit brought against these defendants in their official capacities is in reality a suit against the state and as such is not cognizable under § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989).

Although the defendants argue that the plaintiff has failed to allege the existence of a serious medical condition, the court cannot conclude that there is no set of facts upon which the plaintiff might prevail in regard to the seriousness of his shoulder condition. A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill* v. *Dekalb Reg'l. Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) "In *Estelle*, the Court recognized that medical needs constitutionally requiring medical attention ranged from 'the worst cases,' producing 'physical torture or a lingering death,' to 'less serious cases,' resulting from the 'denial of medical care,' which could cause 'pain and suffering.'" *Id.* at 1186. 1994). A properly supported motion for summary judgment might provide the court with

enough basis to conclude otherwise, but the court cannot conclude that the plaintiff, based on the facts as alleged in his complaint, can prove no set of facts in support of his claim that would entitle him to relief.

In regard to the defendants' statute of limitations argument, the court is not aware of any portion of plaintiff's claims *against these defendants* that predates January 30, 2005, and that would therefore be barred by the two-year statute of limitations applicable herein. The court notes that the plaintiff executed his complaint on January 30, 2007, and for purposes herein presumably delivered same to prison authorities for mailing on that same date. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993 ) (In cases where pro se prisoners file complaints, "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness.").
The first specific date provided by the plaintiff relating to his claims herein appears to be October 2005, well within the applicable statute of limitations time frame.

Finally, in regard to the defendants' argument that they are entitled to qualified immunity, the court cannot say at this juncture that the plaintiff can prove no set of facts in support of his claims of deliberate indifference and retaliation that would entitle him to relief. "Under the qualified immunity defense, defendant[s] are immune from liability and even from trial if plaintiff's complaint fails to state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The defendants, who assert the defense of qualified immunity in the context of a Rule 12(b)(6) motion to dismiss, "'are entitled to qualified immunity at this stage in the proceedings if

[Plaintiff's] complaint fails to allege a violation of a clearly established constitutional right.'" *Santamorena v. Georgia Military College*, 147 F.2d 1337, 1340 (11th Cir. 1998) (quoting *Williams v. Alabama State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997)).

As set out by the Supreme Court in its recent decision *Saucier v. Katz*, 121 S. Ct. 2151 (2001), "the first inquiry [in a qualified immunity analysis] must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered". *Id.* at 2155. The first portion of this inquiry requires that the court ask whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 2156. If the answer to this question is yes, then the next portion of the inquiry requires the court to ask whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 102 S. Ct. 2727 (1982).

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'". *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002) (quoting *Anderson v. Creighton*, 107 S. Ct. 3043 (1987)). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional."

Id. at 2516.

In the context of the defense of qualified immunity asserted on a 12(b)(6) motion to dismiss, there must be a failure by the plaintiff to set forth a clearly established constitutional violation in order for the protection of qualified immunity to attach. Plaintiff's complaint clearly sets forth such violations, to wit, deliberate indifference to a serious medical condition and retaliation. In order to establish his claim of deliberate indifference, the plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). In order to establish his claim of retaliation, the plaintiff must show that he was engaged in protected conduct, which conduct was a substantial or motivating factor in the retaliatory action. *Mt. Healthy City School Dist. v. Doyle*, 97 S. Ct. 568, 576 (1977). In the context of the standard governing motions to dismiss, it remains possible for the plaintiff to prove that he suffered from a serious medical need in regard to his shoulder and that the defendants acted with deliberate indifference to this condition, and that the defendants' actions were substantially motivated by the plaintiff's filing of previous lawsuits and/or grievances. Although the result may be different on a motion for summary judgment, the standard governing motions to dismiss will not allow the conclusion at this point in the proceedings "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley*, 355 U.S. at 45-46 ; *Jackam*, 800 F.2d at 1579.

*Motion to Dismiss: Saad*

Defendant Saad has also filed a Motion to Dismiss, by special appearance and without

8

waiving sufficiency of service or submitting to the jurisdiction of the Court, asking that the claims against him be dismissed based on the lack of service of process. Although the only address provided by the plaintiff for Dr. Saad continues to be Autry State Prison, the court will allow the plaintiff an additional **thirty (30) days, or until February 12, 2008,** in which to provide the court with a current address for Dr. Saad. The court will hold Dr. Saad's Motion to Dismiss in abeyance, pending the filing of plaintiff's response to this directive or the passage of the thirty day time period. Plaintiff's Motion for Service of Dr. Saad is **DENIED** at this time, given the lack of a current address for this defendant.

*Miscellaneous motions*

Defendants' Motion to Stay the proceedings herein during the pendency of their Motion to Dismiss has been rendered moot and is hereby **DENIED**. The "motion" pending at docket number 18 is in reality a response to a motion and is **DENIED** to the extent that it appears as a pending motion.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 11th day of January, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

9