# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

DONOVAN CHAMBERS, :
:
    Plaintiff, :
:
v. : 1:07-CV-26 (WLS)
:
WARDEN CYNTHIA NELSON, et al., :
:
    Defendants. :
_____ :

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L. Hodge, filed January 11, 2008. (Doc. 33). It is recommended that Plaintiff's Conspiracy claims, added as part of his Motion to Amend Complaint (Doc. 15), be dismissed, Plaintiff's Motion for Default Judgment (Doc. 22) be denied, and Defendants' Motion to Dismiss (Doc. 13) be granted-in-part and denied-in-part. *Id.* Plaintiff filed an objection on March 7, 2008.[1]

In the Recommendation it was found that Plaintiff failed to plead, in detail, the facts necessary to maintain his conspiracy claims included in his Motion to Amend Complaint. (Doc. 33; *see* Doc. 15). Plaintiff, instead merely asserted that each defendant was "aware of the alleged deprivations carried out by others." *Id.* Judge Hodge found Plaintiff's Motion for Default Judgment (Doc. 22) to be "without merit," as Dr. Saad was never properly served in

---

[1] Plaintiff filed his Objection while his request for an extension, filed on February 29, 2008, to file the same was still pending. (*See* Docs. 39, 41). The Court notes however, that Plaintiff's previous request for an extension was granted by Magistrate Judge Hodge, giving Plaintiff until February 29, 2008 to file his objection, thirty (30) days beyond the original deadline. (Docs. 33, 37). Objections to a Magistrate Judge's Report and Recommendation are limited to addressing clear errors of law or fact finding, and therefore do not necessitate substantial additional research. Therefore, notwithstanding Plaintiff's stated inability to access the law library, he has had adequate time to compile a proper and substantial objection to Judge Hodge's Report and Recommendation. Plaintiff's instant motions for extension (Docs. 39, 41) are **DENIED as MOOT**.

this action, and Plaintiff has failed to provide an updated address for Dr. Saad to date. (Doc. 33). Finally, with regard to Defendants Nelson, Jones, and Draper's Motion to Dismiss (Doc. 13), Judge Hodge found that Defendant Draper's allegedly inadequate grievance investigation did not constitute a constitutional violation, therefore Plaintiff's claims regarding the same should be dismissed. *Id.* Additionally, Judge Hodge found that any claims brought against these defendants in their official capacities should be dismissed under the Doctrine of Eleventh Amendment Immunity. *Id.* Judge Hodge found that Defendants Nelson, Jones, and Draper's Motion to Dismiss should be denied with regard to their arguments concerning the statute of limitations, Plaintiff's failure to allege a serious medical condition, and the defense of qualified immunity. *Id.*

In his objection, Plaintiff argues that Magistrate Judge Hodge's Recommendation to dismiss the conspiracy claims included in his Motion to Amend Complaint violated Fed. R. Civ. Pro. 12(b)(6), and, as a pro se complainant, his claims should have been broadly construed. (Doc. 42). Contrarily, Judge Hodge's Recommendation was not pursuant to, guided by, or restricted under Fed. R. Civ. Pro. 12(b)(6). In fact, the PLRA instructs courts to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss the complaint *sua sponte* if it 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Anderson v. Donald, 2008 WL 73672, *1 (11th Cir. 2008) (slip copy). Therefore, it was Judge Hodge's duty to recommend dismissal of Plaintiff's conspiracy claims where the same did not establish a proper claim before the Court. *See id*. Plaintiff belatedly attempts, via his objection, to provide additional details to substantiate his conspiracy claims. *Id.* However, this information was not before Judge Hodge when deciding whether to allow Plaintiff's claims to remain. *Id.* Therefore, it would be improper for the Court to consider these arguments in an objection to Judge Hodge's Report and Recommendation. Also, the Court notes, at that time Plaintiff was permitted to amend his complaint as a matter of right because no responsive pleadings had been filed. Fed. R. Civ. Pro. 15(a). At this time Plaintiff would

2

need leave of Court to file such an amendment. *Id*.

Additionally, contrary to the holding in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989), Plaintiff suggests that he does have a constitutional right to a grievance procedure. (Doc. 42). Plaintiff cites Salahuddin v. Mead, 2002 WL 1968329, 3 (S.D.N.Y. 2002), for the proposition that he has a "First and Fourteenth Amendment right to file a grievance procedure." (Doc. 42). Unfortunately, Salahuddin is not binding precedent in this Circuit. To Plaintiff's credit, however, the Wildberger Court also recognized that prisoners have a First and Fourteenth Amendment right to *file* grievances. Wildberger, 869 F.2d at 1468. However, unfortunately for Plaintiff, he does not allege that he was precluded from filing a grievance. *(See* Docs. 3, 9, 15). Instead, he challenges the adequacy of the investigation related to the grievance he did in fact file. *See id.* Although, certain constitutional rights may be implicated when inmates are denied the right to file a grievance, or retaliated against for doing so, *see* Wildberger, 869 F.2d at 1468, Plaintiff does not allege that this is what occurred in this case.

Therefore, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 33) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Conspiracy claims added as part of his Motion to Amended Complaint (Doc. 15) are **DISMISSED**, Plaintiff's Motion for Default Judgment (Doc. 22) is **DENIED**, and Defendants' Motion to Dismiss (Doc. 13) is **GRANTED-in-PART DENIED-in-PART**.

**SO ORDERED**, this   21st   day of March, 2008.

   /s/W. Louis Sands   
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT JUDGE**

3