IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DONOVAN CHAMBERS, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 07-CV-26 (WLS) |
| WARDEN CYNTHIA NELSON, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

By order of the court dated May 7, 2007, certain of plaintiff's claims were allowed to proceed against defendant Dr. Saad, with a service address as provided by the plaintiff at Autry State Prison. On May 30, 2007, waiver of service forms for Dr. Saad were returned unexecuted, with an indication that this individual was not found at Autry State Prison, and the plaintiff was informed of this unexecuted return by letter dated June 1, 2007. The plaintiff took no apparent action to locate and/or provide a service address for Dr. Saad between the initial service attempt and September 27, 2007. On September 27, 2007, defendant Dr. Saad, by special appearance, filed a Motion to Dismiss the claims against him based on the plaintiff's failure to serve him within the time allowed by the Federal Rules of Civil Procedure.

By order dated January 11, 2008, the court recommended that Dr. Saad's Motion to Dismiss be held in abeyance and ordered the plaintiff to provide the court with a current address for defendant Dr. Saad. The plaintiff was allowed thirty (30) days, or until February 12, 2008, in which to respond to the court's January 11, 2008, directives. The plaintiff responded by providing the court with a new address for Dr. Saad, in care of Prison Health Services in

Brentwood, Tennessee. Using this new address, the Clerk of Court issued new service of process forms for Dr. Saad on February 4, 2008. By letter dated February 18, 2008, a spokesperson for Prison Health Services informed the United States Marshals Service that it was not authorized to accept service on behalf of Dr. Saad, as their records did not indicate that they had an employee by that name and that Prison Health Services had not had a contract with the Georgia Department of Corrections since 1997. On March 11, 2008, defendant Saad renewed his Motion to Dismiss based on failure of service. On March 13, 2008, the plaintiff submitted yet another purported service address for defendant Saad, in care of Sharon Lewis, Medical Director for the Georgia Department of Corrections.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time". "Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the

complaint unless good cause is shown." Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991).

Although the plaintiff has provided yet another address for Dr. Saad, he has done so ten (10) months after this lawsuit was initiated, and the address again pertains to sending service documents to Dr. Saad in care of another person or entity, as opposed to an actual address for this individual. Inasmuch as the plaintiff has failed to provide the court with adequate information to allow service on defendant Dr. Saad pursuant to the dictates of Rule 4 (m), it is the recommendation of the undersigned that defendant Saad's motions to dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

Plaintiff's motions for extension of time in which to file objections are hereby **DENIED** as moot.

**SO ORDERED AND RECOMMENDED**, this 19th day of May, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb