**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

DONOVAN CHAMBERS, :
        Plaintiff, :
v. : 1:07-CV-26 (WLS)
CYNTHIA NELSON, *et al.*, :
        Defendants. :

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge filed on May 19, 2008. (Doc. 57). It is recommended that Defendant Dr. Saad's Motions to Dismiss (Docs. 23, 44) be GRANTED. *Id.* Plaintiff filed a timely objection to the Report and Recommendation on June 2, 2008. (Doc. 58).

In the Recommendation, Judge Hodge found that to date, some seventeen (17) months after instant action was filed with the Court, Plaintiff has not served Defendant Saad with a summons and complaint. (Doc. 57). The Court notes that since Plaintiff is proceeding *in forma pauperis,* the Court must designate the United States Marshals Service to execute service on Plaintiff's behalf. Fed R. Civ. Pro. 4(c)(3). However, the Waiver of Service issued to the address, provided by Plaintiff, for Defendant Saad was returned unexecuted. (Doc. 10). Plaintiff was notified of this unexecuted return by letter from the Clerk of Court on June 1, 2007. (Doc. 11). On September 27, 2007, Defendant Saad, via special appearance, filed his initial Motion to Dismiss (Doc. 23) requesting that he be dismissed from the above captioned matter under Rule 4(m). (Doc. 23). In response to Defendant Saad's filing, the Court issued an Order dated January 11, 2008 which held Defendant Saad's Motion to Dismiss (Doc. 23) in abeyance for thirty (30) days so that Plaintiff could perfect service. (Doc. 33). Plaintiff responded by providing the Court with a new address for Defendant Saad. (Doc. 35). Ultimately, the new service of process forms were also returned unexecuted. (Doc. 40). On March 11, 2008, Defendant Saad renewed his Motion to Dismiss based on failure of service. (Doc. 44).

1

In his objection, Plaintiff argues that he provided the Clerk of Court with the only address he had for Defendant Saad, which was the prison where Dr. Saad administered treatment to Plaintiff. (Doc. 58). Plaintiff contends that without an order from the Court the Georgia Department of Corrections will not release its employees' personal information, such as a current address. *Id*. Certain defendants moved, on July 6, 2007, to stay discovery during the pendency of their Motion to Dismiss (Doc. 13), filed on June 14, 2007. (Doc. 16). Plaintiff alleges that Defendants used this tactic to preclude him from obtaining Defendant Saad's address through discovery. (Doc. 58). Plaintiff also argues that the Attorney General is Defendant Saad's authorized agent for service of process; therefore, service was perfected as to Defendant Saad as contemplated by the Rules of Civil Procedure. *Id*.

Federal Rule of Civil Procedure 4(m) provides "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Plaintiff failed to serve Defendant Saad within 120 days of the filing of the complaint in this case. Even though Plaintiff was notified by the Clerk of Court on June 1, 2007 that the waiver of service mailed to Defendant Saad was returned unexecuted, Plaintiff did not take further action until January 2008. At no time between June 2007 and September 2007, when the time for Plaintiff to serve Defendant Saad expired, did Plaintiff move the Court to order Defendant to provide Defendant Saad's address or request the address through discovery. Plaintiff's argument that Defendant stayed discovery to prevent Plaintiff from discovering Defendant Saad's address is without merit. Although certain Defendants moved the Court to stay discovery pending resolution of their motion to dismiss, the Court did not rule on said motion until January 28, 2008, well after the 120 day deadline proscribed by Fed. R. Civ. Pro. 4(m). (Doc. 35). Furthermore, the motion to stay was ultimately denied as moot. (Doc. 32). Finally, Plaintiff's contention that service to the Attorney General is adequate service to Defendant Saad is not supported by the Rules of Civil Procedure. Also, merely stating that the Attorney General is Defendant Saad's authorized agent for the service of process does not make it so. For all of the above reasons, Plaintiff's Objections (Doc. 58) are **OVERRULED**.

Accordingly, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 57) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein. Therefore, Defendant Saad's Motion to Dismiss at Document 44 is **GRANTED** and Plaintiff's claims against Defendant Saad are **DISMISSED without PREJUDICE**. To clarify the record, Defendant Saad's Motion to Dismiss filed at Document 23 is **DENIED as MOOT**.

**SO ORDERED**, this   12th   day of September, 2008.

  /s/W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**