IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DONOVAN CHAMBERS, | |
| Plaintiff, | |
| VS. | CIVIL ACTION FILE NO. 1:07-CV-26 (WLS) |
| Warden CYNTHIA NELSON, Deputy Warden KEITH JONES, Dr. FATHY SAAD, and SARAH DRAPER, | |
| Defendants. | |

**ORDER AND RECOMMENDATION**

This is a § 1983 action brought by a State of Georgia prisoner who is proceeding *pro se*. The circumstances giving rise to the filing of this lawsuit occurred at Autry State Prison evidently during the fall of 2005. At that time Defendant Nelson was the warden of the facility, Defendant Jones the Deputy Warden of Care and Treatment, and Defendant Saad was the Medical Director. Defendant Draper was the Management Specialist of the Inmate Affairs and Appeals/Ombudsman Unit, possibly in Atlanta.

At the heart of Plaintiff's complaints are his allegations that Defendant Saad would not renew his prescription for a medication he wanted. Plaintiff filed a grievance against this defendant who allegedly retaliated against him by removing his lower bunk/lower tier (ground floor of the dormitory) medical profile. In addition to his claims of retaliation, Plaintiff also alleges that not renewing his prescription and changing his medical profile amounted to deliberate indifference to a serious medical condition.

By virtue of earlier entered recommendations which have been adopted and made the order of the Court by the United States District Judge to whom this matter has been assigned,

Plaintiff's conspiracy claims and official capacity claims have been dismissed along with Defendants Draper and Defendant Saad as parties to this action. (docs. 33, 47, 57 and 70). The remaining, Defendants, Nelson and Jones have filed a Motion for Summary Judgment supported by their brief, the affidavits of all four original Defendants and pertinent portions of Plaintiff's medical records (doc. 66 and subparts).[1] Plaintiff was given the required notice of the filing of the Defendants' motion and has filed a response thereto.

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

*Discussion*

---

[1] Defendants filed their motion on July 28, 2008, prior to the adoption by the District Judge of the recommendation to dismiss Defendant Saad for want of service. Therefore the motion was filed on his behalf as well. On September 12, 2008, the Court adopted the recommendation and Defendant Saad was dismissed as a party hereto.

Whether there is a genuine factual question as to the conduct of former Defendant Saad being retaliatory or deliberately indifferent to a serious medical condition of the Plaintiff need not be addressed in resolving the motion for summary judgment filed by Defendants Nelson and Jones.  The Plaintiff's claims that these defendants conspired with former Defendant Saad have heretofore been dismissed for the reasons set out in the recommendation and order adopting same (docs. 33 & 47).  Plaintiff's only remaining claims against these defendants appear to be that his grievance regarding Saad's conduct was denied at the institutional level by Defendant Nelson and that both Nelson and Jones knew what was going on and did nothing about it.  In short Plaintiff is claiming that these defendants violated his constitutional rights to be free from retaliation for exercising his First Amendment right to free speech by filing a grievance and furhter for not overriding Saad's medical finding that his medication and medical profile were no longer medically necessary.

As has been earlier pointed out in this case there is no constitutional right to an inmate grievance procedure <u>Wildberger v. Bracknell</u>, 869 F.2d 1467 (11th Cir. 1989), although punishment, discipline or retaliation for filing a grievance is a violation of the First Amendment. <u>Id.</u> Since there is no constitutional right to a grievance procedure, denying a grievance at the institutional level does not implicate the constitution.

As the lengthy affidavit of Dr. Saad, Medical Director at Autry State Prison during the time in question makes clear, it was his professional medical opinion that Plaintiff's medication and lower bunk profile were no longer medically indicated (doc. 66-4, ¶ 27).  As Medical Director he was responsible for the overall medical care at Autry (doc. 66-4, ¶ 9).  To the extent that Plaintiff disagrees with the course of treatment provided by Defendant Saad, such

disagreement will not support a claim of deliberate indifference.  "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  Harris v. Thigpen, 941 F.2d 14956, 1505 (11th Cir. 1991).  It is further noted that "as with all medical care provided to prisoners, it is not constitutionally required that [such] health care be 'perfect the best obtainable, or even very good.  Id. at 1510.  Therefore, if Dr. Saad was still a defendant in this case the court would be forced to recommend that summary judgment be granted as to him on the deliberate indifference claim, Plaintiff having presented no evidence to create a genuine material factual issue.

Neither Defendant Nelson or Jones are physicians and therefore not qualified to render medical opinions (docs. 66-7, ¶¶ 5-6, 66-8 ¶¶ 6-7).  It seems somewhat obvious that the Plaintiff having failed to present a genuine factual issue as to deliberate indifference on the part of Dr. Saad, that non-medical defendants such as Nelson and Jones can not be deliberately indifferent.  Further, "it is axiomatic that in Section 1983 actions, that liability must be based on something more that a theory of *respondeat superior*."  Brown v. Crawford, 906 F.2d667, 671 (11th Cir. 1990).

Plaintiff's conspiracy claims have previously been dismissed.  The act of denying the grievance by Defendant Nelson doe not rise to a constitutional violation, there being no constitutional right to a grievance procedure in a State prison.  There has been no medical evidence presented by the Plaintiff creating a genuine factual issue as to whether the decision of Dr. Saad that Plaintiff's medication and medical profile were no longer medically indicated

amounted to deliberate indifference or retaliation.  It logically follows that Defendants Nelson and Jones, who can not be found liable on a theory of supervisory liability under these circumstances are entitled to have their Motion for Summary Judgment granted.  It is so RECOMMENDED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof

The undersigned having recommended that Defendants' Motion for Summary Judgment be granted, Plaintiff's Motion for the Appointment of Counsel is DENIED as MOOT.

**SO ORDERED and RECOMMENDED,** this 28th  day of January 2009.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE